UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ALONZO TOWNS | No. 26 CR 473<br><br>Judge Thomas M. Durkin |

**PROTECTIVE ORDER GOVERNING DISCOVERY**

Upon the unopposed motion of the government, pursuant to Fed. R. Crim. P. 16(d), it is hereby ORDERED:

1. Certain materials to be produced by the United States in connection with this case contain sensitive information, namely, personally identifiable information of one or more persons other than the defendant (collectively, "Protected Materials"). These Protected Materials shall be plainly marked as "Sensitive" by the government prior to disclosure.

2. No such Protected Materials, or the information contained therein, may be disclosed to any persons other than defendant, counsel for defendant, persons employed to assist the defense, or the person to whom the sensitive information solely and directly pertains (collectively, "authorized persons"), without prior notice to the government and authorization from the Court. Absent prior permission from the Court, information marked as sensitive shall not be included in any public filing with the Court, and instead shall be submitted under seal.

3. Defendant, defendant's counsel, and authorized persons shall not copy or reproduce the Protected Materials except in order to provide copies of the materials for use in connection with this case by defendant, defendant's counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials.

4. Defendant, defendant's counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the Protected Materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

5. Before providing Protected Materials to an authorized person, defense counsel must provide the authorized person with a copy of this Order.

6. Upon conclusion of all stages of this case, all of the Protected Materials and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The Protected Materials may be (1) destroyed; (2) returned to the United States; or (3) retained in defense counsel's case file. The Court may require a certification as to the disposition of any such materials. In the event that the Protected Materials are retained by defense counsel, the restrictions of this Order continue in effect for as long as the Protected Materials are so maintained, and the Protected Materials may not be disseminated or used in connection with any other matter without further order of the Court.

7. To the extent any material is produced by the United States to defendant or defendant's counsel by mistake, the United States shall have the right to request the return of the material and shall do so in writing. Within five days of the receipt of such a request, defendant and/or defendant's counsel shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored.

8. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

ENTER:

Thomas M Durkin

THOMAS M. DURKIN
DISTRICT COURT JUDGE
United States District Court
Northern District of Illinois

Date: October 14, 2026